Prob12B
(7/93)

# United States District Court
## for the Northern District of New York

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Ernest Hester                                   Case Number: 5:11CR000198-009

Name of Sentencing Judicial Officer: Honorable Norman A. Mordue, Senior U.S. District Judge

Date of Original Sentence: December 12, 2014

Original Offense: Conspiracy to Engage in a Pattern of Racketeering Activity, 18 U.S.C. § 1962(d)

Original Sentence: 135 months incarceration and 4 years supervised release

Type of Supervision: Supervised Release                 Date Supervision Commenced: June 26, 2020

## PETITIONING THE COURT

[  ]     To extend the term of supervision for years, for a total term of years.
[X]     To modify the conditions of supervision as follows:

1.       You shall reside for a period of 30 days in a residential reentry center or other suitable facility and shall observe the rules of that facility.

### CAUSE

On December 12, 2014, Ernest Hester was sentenced by Your Honor to 135 months imprisonment and 4 years of supervised release following his conviction for Conspiracy to engage in a Pattern of Racketeering Activity, in Violation of 18 U.S.C. § 1962(d).  He was released from federal prison and commenced his term of supervised release on June 26, 2020.

On September 22, 2020, Hester reported to the U.S. Probation Office for a drug test, the results of which were presumptive positive for cannabinoids.  Hester admitted to smoking marijuana the week prior to the test.  The sample was sent to Alere Toxicology for confirmation analysis.  On September 27, 2020, the lab results were returned and confirmed the presence for THC metabolite.  Hester stated that he had used marijuana to help calm himself down as he had been dealing with a lot of stress.  Hester was admonished for his choices and informed that he would be subjected to an increase in drug testing frequency.  He stated that he would no longer smoke marijuana while under supervision.

On October 15, 2020, Hester reported to the U.S. Probation Office for a drug test, the results of which were presumptive positive for cannabinoids.  Hester admitted to again using marijuana.  The sample was sent to Alere Toxicology for confirmation analysis.  On October 21, 2020, the lab results were returned and confirmed the presence for THC metabolite.

On October 27, 2020, this officer met with Hester regarding his continued drug use.  He was directed to obtain a substance abuse evaluation.  Hester was also presented with a Form 49 to include a curfew condition.  The

Prob 12B
- 2 -
Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

offender then declined to sign the Form 49 waiving his rights to a hearing to modify the conditions of his supervised release.  A hearing was conducted before the Court and Hester agreed to abide by a curfew.  Hester completed his curfew obligation without incident.

On March 26, 2021, Hester reported to the U.S. Probation Office for a drug test, the results of which were presumptive positive for cannabinoids.  Hester admitted to again using marijuana.  The sample was sent to Alere Toxicology for confirmation analysis.  On April 3, 2021, the lab results were returned and confirmed the presence for THC metabolite.

Hester currently resides in Syracuse with his mother and brother.  He is unemployed.  The offender is in the midst of obtaining another substance abuse evaluation through Helio Health.

The U.S. Probation Office believes it is necessary to address these violations by recommending that the offender reside for a period of 30 days in a residential reentry center or other suitable.  Hester is agreeable with this modification and he has signed Probation Form 49, Waiver of Hearing to Modify Conditions.  If the court agrees with this proposed modification, Probation Form 12B and Probation form 49 will need to be filed with the Clerk's Office.  With the exception of the recommended modification, no further action is requested at this time.

Approved by:

Michael J. Kester
Supervising U.S. Probation Officer

Respectfully submitted by:

James Mathers
U.S. Probation Officer

Date: 4/19/2021

**THE COURT ORDERS**
[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[X]   The Modification of Conditions as Noted Above
[ ]   Other

Signature of Judicial Officer

April 19, 2021
Date

PROB 49
NNYrev.6/10

Waiver of Hearing to Modify Conditions
of Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF NEW YORK

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of Supervised Release or my period of supervision being extended.  By 'assistance of counsel,' I understand that I have a right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the Court to appoint counsel to represent me at such hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  **I am fully aware this is only a proposal to the Court to address the alleged violation(s) and it is in no way binding upon the Court.  The Court has the discretion to order a hearing which could result in a different sanction being imposed.**  I agree to the following modification of my Conditions of Supervised Release or to the proposed extension of my term of supervision:

1.     You shall reside for a period of 30 days in a residential reentry center or other suitable facility and shall observe the rules of that facility.

Witness: _____          Signed: _____
          James Mathers                                   Ernest Hester
       U.S. Probation Officer

_____
                                                          Date